NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 30 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

NARA CINTIA PEREIRA DE OLIVEIRA and JOAO VITOR PEREIRA DE ARAUJO,

Petitioners,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 23-4123

Agency Nos.
A220-286-625
A220-286-626

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 4, 2024
Seattle, Washington

Before: W. FLETCHER, BERZON, and R. NELSON, Circuit Judges.

Lead Petitioner Nara Cintia Pereira de Oliveira, a native and citizen of

Brazil, seeks review of a Board of Immigration Appeals (BIA) decision dismissing

her appeal from an Immigration Judge's (IJ) denial of asylum, withholding of

removal, and protection under the Convention Against Torture (CAT). Where "the

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

BIA agrees with the IJ decision and also adds its own reasoning," this court "review[s] the decision of the BIA and those parts of the IJ's decision upon which it relies." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1027–28 (9th Cir. 2019). The court reviews the denial of asylum, withholding of removal, and CAT claims for substantial evidence. *Flores Molina v. Garland*, 37 F.4th 626, 632 (9th Cir. 2022). We deny Pereira de Oliveira's petition for review only and sever her petition from that of her son, Joao Vitor Pereira de Araujo.

1. To be eligible for asylum, a petitioner must demonstrate a likelihood of persecution or a well-founded fear of persecution based on a protected ground. 8 U.S.C. § 1101(a)(42)(A). A petitioner may satisfy this burden by showing past persecution on a protected ground, which gives rise to a rebuttable presumption of future persecution. *Sharma v. Garland*, 9 F.4th 1052, 1060 (9th Cir. 2021).

Pereira de Oliveira did not demonstrate past persecution. She testified that the loan shark who threatened her former domestic partner had not subjected her to physical harm or serious maltreatment. And though her appellate brief cites to country conditions evidence of dangerous gangs and criminal lenders, as well as "systemic police corruption," there is no report covering those topics in the record, and no indication that the loan shark was affiliated with an "uncontrollable criminal organization."

2

Beyond direct harm, threats "may be compelling evidence of past persecution, particularly when they are specific and menacing and are accompanied by evidence of violent confrontations, near-confrontations and vandalism." *Flores Molina*, 37 F.4th at 634 (quotation omitted). On the record before the court, the loan shark's threats do not rise to the requisite level of specificity or severity. The loan shark did not directly threaten Pereira de Oliveira. She did not personally encounter the loan shark or know his identity or how much money her partner owed him. And she did not testify about the concrete contents of the loan shark's threats, so it is not clear that the loan shark threatened to harm her specifically.

Even if a petitioner does not demonstrate past persecution, she may still prevail on an asylum claim if she demonstrates a well-founded fear of future persecution that is both "subjectively genuine and objectively reasonable." *Nagoulko v. INS*, 333 F.3d 1012, 1016 (9th Cir. 2003). Pereira de Oliveira did not satisfy the latter requirement. She testified that she had never met or received a direct threat from the loan shark, and she never specified the contents of the loan shark's threats. Although Pereira de Oliveira's brief asserts that the loan shark continues to have the capacity to threaten her even after her flight to the U.S., as his "power transcends borders," there is no evidence in the record supporting these

3

assertions. Pereira de Oliveira is also no longer with her former partner, so her connection to him would not support a fear of future persecution.

Substantial evidence supports the agency's determination that Pereira de Oliveira did not show past persecution or a well-founded fear of future persecution. As a result, her asylum claim fails.

2. Pereira de Oliveira's withholding claim is also not viable. A petitioner seeking withholding of removal "must show a 'clear probability' of persecution because of a protected ground." *Garcia v. Wilkinson*, 988 F.3d 1136, 1146 (9th Cir. 2021) (quoting *INS v. Stevic*, 467 U.S. 407, 429–30 (1984)). This "clear probability" standard is more stringent than the burden of proof for asylum. *Id.* As substantial evidence supported the BIA's asylum determination, there was sufficient evidence to support the agency's conclusion that Pereira de Oliveira did not meet the more stringent burden of proof associated with withholding of removal.

3. "To establish entitlement to protection under CAT, an applicant must show 'it is more likely than not that he or she would be tortured if removed to the proposed country of removal.'" *Plancarte Sauceda v. Garland*, 23 F.4th 824, 834 (9th Cir. 2022) (quoting 8 C.F.R. § 1208.16(c)(2)). "The torture must be 'inflicted by, or at the instigation of, or with the consent or acquiescence of, a public official

acting in an official capacity or other person acting in an official capacity.'" *Id.* (quoting 8 C.F.R. § 1208.18(a)(1)).

Pereira de Oliveira testified that she had no reason to fear the police or any government official in Brazil. And for the same reasons Pereira de Oliveira did not establish that she faces a well-founded fear of persecution, it was not more likely than not that she would be tortured by the loan shark, with or without the acquiescence of a public official, if returned to Brazil.

4. As Pereira de Oliveira's three claims for relief from removal cannot be sustained, the petition for review is **DENIED** as to her only. The motion to hold proceedings in abeyance with respect to Pereira de Oliveira, Dkt. No. 44, is denied as moot. Our decision has no bearing on Pereira de Oliveira's Violence Against Women Act visa petition, which is currently pending with United States Citizenship and Immigration Services and has been deemed *prima facie* valid. *Id.* The stay of removal remains in place until the mandate issues.

5. As to Pereira de Araujo, Pereira de Oliveira's son, he is now differently-situated from his mother because his application for Special Immigrant Juvenile status was approved by United States Citizenship and Immigration Services. Dkt. No. 55. We therefore sever Pereira de Oliveira's petition for review from that of her son. Pereira de Araujo's petition will be decided in due course. The panel retains jurisdiction over this appeal.